IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DEBORAH CLAYBAUGH,

    Plaintiff,

        v.                            CIVIL NO.: 08-1667 (MEL)

CONDADO PLAZA HOTEL AND CASINO,
et al.

    Defendants.

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On June 16, 2008, plaintiff Deborah Claybaugh filed a complaint in the instant case against defendant Condado Plaza Hotel and Casino and its insurance companies alleging that negligent maintenance and operation of defendant's hotel facilities caused her to slip and fall in her hotel room's bathroom while she was a guest. (Docket No. 1.) Specifically, plaintiff alleges that defendant was negligent because it failed to properly inspect and maintain the drain, because it used a shower mat[1] without appropriate anti-slip backing, because the bathroom floor tiling was too shiny and too slippery, and because the shower retaining wall was too short. On April 30, 2010, defendant filed a motion for summary judgment, which the court granted in part and denied in part on July 26, 2010. (Docket Nos. 32, 49; See Docket Nos. 37, 43, 46.) The court denied the motion for summary judgment as to the claim based on negligent maintenance of the shower drain, which allegedly caused water to spill onto the floor, but it granted the motion as to the claims based on the design

---

[1] The term "shower mat" is used herein to refer to the white towel provided by the hotel for use as a shower mat. (See Docket No. 49 at 2 & n.1.)

of the shower mat, floor tiles, and shower retaining wall. Pending before the court is plaintiff's motion to reconsider the court's dismissal of the claims based on the shower mat and floor tiles. (Docket No. 68.)

## II. ANALYSIS

### A. Shower Mat and Floor Tiling

In the opinion and order, the court characterized plaintiff's claims for negligence based on the shower mat and floor tiles as negligent design claims. (Docket No. 49 at 8-9, 12-14.) They were characterized as such because plaintiff's argument focuses on the *design* of the shower mat and tiles, such that their very presence in the bathroom allegedly created a dangerous condition.[2] (Docket No. 1, ¶ 28.) The court distinguished these negligent design claims, where the allegedly dangerous conditions encountered by the plaintiff existed in precisely the state intended by defendant, from plaintiff's premises liability claim, where the shower drain allegedly functioned improperly because of negligent maintenance.

Following the First Circuit's decision in Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43 (1st Cir. 2007), the court held that because plaintiff's claims based on the shower mat and floor tile focused on negligent design, plaintiff bears the burden of establishing the applicable standard of care as to those claims. See id. at 50. That is, plaintiff must present evidence to allow a jury to rationally conclude that the shower mat and the floor tile constituted unreasonably dangerous conditions. Where the design of the condition involves experience or knowledge that the average lay person does not possess, a plaintiff must present "specific evidence, usually in the form of expert

---

[2] Plaintiff has not asserted that the shower mat or the tile were dangerous because they were negligently maintained, as she has with regard to the allegedly improperly working shower drain.

testimony of an objective standard of care" applicable to the design of the property at issue. Vázquez-Filippetti, 504 F.3d at 53 (citing Pérez v. United States, 444 F. Supp. 623, 626 (D.P.R. 1978)). The court held that the design of the shower mat and floor tile were beyond the ken of a lay jury, that accordingly plaintiff was required to present evidence to allow a jury to find that they were negligently designed (for instance, in the form of expert testimony), and that because plaintiff had failed to do so, said negligent design claims must be dismissed.

Plaintiff's motion for reconsideration argues that the design of the shower mat and floor tile are not beyond the ken of a lay jury. She principally relies on a case cited in the court's opinion and order, Christopher v. Madison Hotel Corp., 875 F.2d 314 (4th Cir. 1989) (unreported). Christopher presented similar facts to the instant case: Mr. Christopher, while a guest in defendant hotel, slipped and fell on a two-sided terry cloth bathmat while getting out his room's bathtub. At trial, Mr. Christopher presented a design engineer to explain "tests he conducted with respect to the anti-slip coefficient of friction between the terry cloth bathmat and the vinyl flooring, the dangerousness of these conditions, and his opinion that Mr. Christopher's fall was causally related to these conditions." Id. The Circuit Court upheld the trial court's exclusion of the expert's testimony, holding that because he lacked "any experience regarding hotel safety in general, or in testing bathroom floors and bathmats in particular," the expert had "no more or less experience in this area than the public in general." Id. Thus, the Circuit Court held that the dangerousness of bathmats and flooring should be governed by common sense, but also suggested that an expert with relevant knowledge might aid in a jury's comprehension of the conditions.[3]

---

[3]Ultimately the Circuit Court in Christopher upheld a directed verdict for the defendant hotel because Mr. Christopher assumed the risk: he "was aware that the bathmat lacked rubber backing, observed the floor, knew it was slick from its appearance, and put the bathmat on the floor." Id. Virginia's law of contributory negligence is distinct

3

Nevertheless, other courts have held that the dangerousness of bathmats and flooring is a matter beyond the ken of a lay jury, and that expert testimony is therefore either required or persuasive in the context of a summary judgment motion. Indeed, another case upon which plaintiff relies, Caliendo v. Trump Taj Mahal Assocs., Civil No. 03-5145 (JBS), 2006 WL 3694605 (D.N.J. Dec. 13, 2006) (unreported), held just that. Caliendo presented facts even more closely related to the instant case than the facts in Christopher: Mrs. Caliendo slipped and fell in the tub of the defendant hotel's bathroom, allegedly because the tub was draining slowly, causing the improperly designed bathmat to loosen, and because the grab bars around the tub were also improperly designed. Caliendo, 2006 WL 3694605, at *1. In ruling on defendant's motion for summary judgment, the Caliendo court distinguished plaintiff's claims based on the unusual accumulation of water in the tub from her claims based on the design of the bathmat and grab bars. The court denied the motion for summary judgment as to the accumulation of water, finding that "[i]t is for the jury to decide, based on its common experience, whether the slow drain combined with the bathmat to create a dangerous condition ( i.e., an unusual slipperiness in the bathtub)." Id., at *3. However, the court granted defendant hotel's motion for summary judgment with regard to the improperly designed bathmat and the improper design of the grab bars, because those claims involved "matters beyond lay witness experience and jurors cannot form valid judgments about them without the assistance of a technical expert." Id., at *3 n.1. Caliendo's distinction between the negligent design claims – the bathmat and grab bars – and the premises liability claim – the unusual accumulation of water –

---

from that of Puerto Rico, a pure comparative negligence jurisdiction. For this reason, the court merely referenced Christopher with a "cf." citation in rendering its summary judgment decision.

is precisely the distinction this court made in its opinion and order.[4] (Docket No. 49 at 9-14.)

Plaintiff also argues that Cline v. P.R. Ports Auth., 620 F. Supp. 2d 233, 238 (D.P.R. 2008), is inapplicable to this case, despite the fact that Cline was cited in the opinion and order in *support* of plaintiff's own premises liability claim. In that case, plaintiff Cline slipped on an oil spot outside the San Juan International Airport and alleged that defendant had negligently maintained the area where she fell. Id. at 235. The district court granted defendant's summary judgment motion on Cline's slip and fall claim because Cline could not show how long the dangerous condition had existed outside the airport and defendant had presented evidence of regular maintenance. Id. at 238. In the instant case, the court cited Cline in contrast to the facts of our present case, where plaintiff has shown that defendant had not performed a preventative inspection of Room 856's bathroom for approximately six months prior to plaintiff's fall, and there is therefore a genuine issue of material fact as to whether defendant's negligent maintenance of the bathroom was the cause of plaintiff's injury. (See Docket No. 49 at 11-12.)

**B. Towel Rack**

At Footnote 4 of its opinion and order, the court addressed plaintiff's proposed statements of fact that "Regulation 5080 of the Puerto Rico Tourism Company requires all hotel bathrooms [to] contain [a] minimum security handle (hand rail) inside the shower tub area," and that requirement

---

[4] As to the relevance of expert affidavits addressing the slipperiness of floor tile in the summary judgment context, see, e.g., Lee v. Phillips Petroleum Co., 2001 WL 604189 (N.D.Ill. May 31, 2001) (unreported) (denying defendant's motion for summary judgment on claim based on slippery tile because plaintiff's expert testimony showing a "borderline tendency between slipperiness and non-slipperiness" raised an issue of material fact as to whether the floor was unreasonably dangerous) (citing Buscaglia v. United States, 25 F.3d 530 (7th Cir. 1994) (denying defendant's motion for summary judgment where plaintiff's expert's affidavit indicated that the composition of a post office's tile floor, either by itself or in combination with an accumulation of water, caused plaintiff to slip and fall)).

was not met in Room 856, where the accident occurred.[5] (Docket No. 49 at 9-10, n. 4; Docket No. 37-2, ¶¶ 79-80; Docket No. 43-1, ¶¶ 79-80; Docket No. 40-16 at 19.)  Interpreting plaintiff's proposed facts regarding a "security handle" as an argument that such a handle would have prevented plaintiff from falling, the court dismissed said argument as entirely speculative. (Docket No. 49 at 9-10 n. 4.) Taking issue with that particular footnote, plaintiff argues that her complaint is not about a safety rail, but rather about defendant's failure to equip the bathroom with a "towel rack" near to the shower, requiring plaintiff to step out of the shower to grab her towel. (Docket No. 68, ¶¶ 17-19; 27.) Assuming *arguendo* that the placement of the towel rack forced plaintiff to leave the shower area, while wet, in order to grab her towel, the result does not change.[6] Plaintiff claims that she slipped and fell because of water *already on the floor* when she stepped out of the shower.  Thus, whether or not an accessible towel rack near or inside the shower would have permitted her to dry off before stepping out of the shower is irrelevant to her cause of action.  Looking at the factual allegations in the light most favorable to plaintiff, they fail to support the element of causation such that a rational jury could find for plaintiff as to this claim.  Accordingly, to the extent that plaintiff claims that defendant was negligent because it failed to equip the bathroom with a towel rack accessible from the shower, that claim is DISMISSED.

---

[5] In the same footnote, the court reserved its ruling on the authentication of photographs presented by plaintiff, allegedly depicting the bathroom in Room 856. (Docket No. 49 at 9-10, n. 4; see Docket No. 40-6 at 4-6.) Plaintiff now requests that the court deem the photographs authenticated and admissible. (Docket No. 68, ¶¶ 19-26.) The court again reserves its ruling on the authentication issue.

[6] In her opposition to the motion for summary judgment, plaintiff proposed no fact regarding the placement or lack of a towel rack in the bathroom of Room 856, although she did suggest that fact in her memorandum of law. (See Docket No. 37-2.) The proposed fact that plaintiff stepped out of the shower to retrieve the towel from the vanity, where she had placed it, does not suffice as a proposed fact regarding the placement or lack of a towel rack. (Docket No. 37-2, ¶ 13.)

**III	CONCLUSION**

For the reasons stated above, plaintiff's motion to for reconsideration (Docket No. 68) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of August, 2010.

s/ Marcos E. López<br>U.S. MAGISTRATE JUDGE