IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DEBORAH CLAYBAUGH, <br><br> Plaintiff, <br><br> v. <br><br> CONDADO PLAZA HOTEL AND CASINO, et al. <br><br> Defendants. | CIVIL NO.: 08-1667 (MEL) |

**OPINION AND ORDER**

Pending before the court is a motion in limine submitted by plaintiff Deborah Claybaugh requesting that the court exclude defendant Condado Plaza Hotel and Casino's proposed Exhibit 1, a "Guestroom Preventative Maintenance Checklist Form" for the hotel room where plaintiff allegedly slipped and fell, dated July 4, 2007 ("checklist"). (Docket No. 61; see Docket No. 64-1; Docket No. 66 at 46.) Defendant has opposed the motion. (Docket No. 73.) For the reasons stated below, the motion is DENIED without prejudice.

Plaintiff's central objection to the checklist is that it is not relevant because it is dated July 4, 2010, ten days after plaintiff's alleged injury. Evidence is relevant if it has a tendency to make the existence of a material fact more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Here, defendant seeks to introduce the checklist, which indicates that the room's drain maintenance is acceptable, to show that at the time of plaintiff's alleged fall, the drain was working properly. (See Docket No. 64-1.) Nevertheless, the relevance of the checklist depends on the degree to which the condition of the room on July 4, 2007 was similar to condition of the room

1

on June 24, 2007 at the time of plaintiff's alleged fall.  Accordingly, the checklist is relevant, subject to defendant's showing that the condition of the shower had not changed in any material respect between June 24, 2004 and July 4, 2007. See, e.g., Minter v. Prime Equip. Co., No. CIV-02-132-KEW, 2007 WL 2703093, at *4-5 (E.D. Okla. 2007) (unreported) (photographs of a scissor lift taken two years after the subject accident were relevant and admissible to show the condition of the lift at the time of the accident, but proponent bears the burden of demonstrating that the photographs represent the condition of the lift at the time of the accident).

Plaintiff also objects to the checklist because its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. See Fed. R. Evid. 403.  In her motion, however, plaintiff does not articulate how the document will confuse the jury. (Docket No. 61, ¶ 16.)

Plaintiff also argues that the checklist is inadmissible hearsay and that it has not been properly authenticated.  See Fed. R. Evid. 801, 802, 901.  She argues that the checklist is not trustworthy because the defendant did not produce any other Guestroom Preventative Maintenance Checklists from the years 2005 to 2008 in response to plaintiff's discovery requests.  This concern, brought to the court's attention seventeen days before trial, would have been appropriately raised in a motion to compel while the discovery period was still open.  Defendant proposes to authenticate the document at trial through the testimony of Franklin Domínguez, the Director of the hotel's Engineering Department, who will explain how the checklist was completed as a record of a regularly conducted activity, an exception to the hearsay rule.[1]  See Fed. R. Evid. 803(6).  The court

---

[1] In its opposition to the motion in limine, defendant suggests that Nicolas Burgos, the Hotel's Assistant Director of Engineering Department, will testify about the authenticity of the document. (Docket No. 73, ¶ 7.) Nicolas Burgos does not appear as a proposed witness in the amended pretrial order. (See Docket No. 66.) However, an individual named Nicolás Lebrón, identified as Defendant's Engineering Supervisor, does appear as a proposed witness. (Docket No. 66 at 44.)

2

thus reserves until trial its rulings as to the document's authenticity and admissibility.

For the reasons stated above, plaintiff's motion in limine (Docket No. 61) requesting exclusion of defendant's proposed Exhibit 1, a "Guestroom Preventative Maintenance Checklist Form" for Room 856 dated July 4, 2007, is DENIED without prejudice, incumbent upon a showing from defendant that the document is authentic and admissible under an exception to the hearsay rule, and that the condition of the room's shower on July 4, 2007 was substantially similar to the condition of the shower at the time of plaintiff's alleged fall, ten days earlier.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of August, 2010.

s/ Marcos E. López  
U.S. MAGISTRATE JUDGE
